# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **AMENDED[1] JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| | ) | |
| v. | ) | Case Number:    1:16-CR-437-2 |
| | ) | USM Number:    20976041 |
| JEROME MCROY | ) | |
| | ) | STEVEN BERNE |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

Pleaded guilty to count(s) 3s of the Superseding Indictment.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.  §2423(a) | Transportation of Minor with Intent to Commit Criminal Sex Act | | 3s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately

Count(s) 1, 1s, 2, 2s, 3 of the indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/27/2018
Date of Imposition of Judgment

/s/CHARLES A. PANNELL, JR.
Signature of Judge

**CHARLES A. PANNELL, SENIOR U. S. DISTRICT JUDGE**
Name and Title of Judge

December 13, 2018
Date

---

[1]This judgment is amended solely to add a restitution obligation pursuant to the restitution hearing held on December 13, 2018.

Judgment in a Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: JEROME MCROY                                                   Judgment — Page 2 of 6
**CASE NUMBER: 1:16-CR-437-2**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 120 MONTHS as to count three of the superseding indictment.

The court makes the following recommendations to the Bureau of Prisons: The Court recommends the Bureau of Prisons designate an institution as near as possible to the  Minneapolis, MN area, as place of service of the sentence imposed this date by the Court. The Court recommends that the defendant receive the RDAP program while in BOP custody.

This sentence is to be served concurrently with any term of imprisonment imposed by the State of Georgia for the same offense conduct.

The defendant shall surrender to the United States Marshal for this district:  At 12:00pm on 9/27/2018.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
    Deputy U. S. Marshal

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: JEROME MCROY                                                    Judgment — Page 3 of 6
CASE NUMBER: 1:16-CR-437-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 240 MONTHS as to count three of the superseding indictment.

## MANDATORY CONDITIONS

1. While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). The defendant shall comply with the following additional conditions:

2. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

3. Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

4. The defendant shall participate in a drug/alcohol treatment program under the guidance and supervision of the United States Probation officer and if able, contribute to the cost of services for such treatment.

5. The defendant shall make full and complete disclosure of finances and submit to any audit of financial documents, at the request of the United States Probation Officer until the special assessment is paid in full.

6. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule an only until the special assessment is paid in full.

7. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

8. The defendant shall participate in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer. If able, the defendant shall be required to contribute to the cost of the services for each treatment.

9. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et. seq.) as directed by defendant's probation officer, the Bureau of Prisons, or any state or federal sex offender registration agency in any state in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: JEROME MCROY                                                                Judgment — Page 4 of 6
CASE NUMBER: 1:16-CR-437-2

## MANDATORY CONDITIONS CONTINUED

10. The defendant shall submit to a psychosexual evaluation which may include polygraph examinations, plethysmograph testing, or other physiological testing if requested by the defendant's probation officer. The defendant shall participate in a sex offender treatment program and abide by the polices and procedures of the program, as determined by the defendant's probation officer. If able, the defendant shall contribute to the cost of the services for such treatment.

11. Pursuant to 18 U.S.C. §3583(d) the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement of probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

12. The defendant shall not have any contact, direct or indirect, with the victim(s), or the victim's family unless specific written authorization for such contact is received in advance from the defendant's probation officer.

13. To ensure that the defendant is in compliance with local and county ordinances and state and federal law, defendant's residence and employment must be pre-approved by defendant's probation officer.

14. The defendant shall not have any contact with any person under the age of 18 without the prior written permission of the probation officer, provided, however, that this restriction is not violated by incidental contact with persons under the age of 18 at places open to the general public provided such locations are not those which generally provide services and goods to persons under the age of 18. Any approved contact shall be supervised by an adult at all times. The contact prohibited in this conditions includes, but is not limited to, direct or indirect contact, whether in person, by computer, telephone, letter, or through a third party. If the defendant has any contact with a person under the age of 18, the defendant shall immediately remove himself from the place where the contact was made and notify the probation officer immediately of the contact which occurred. The defendant shall not loiter within 100 feet of any park, school property, playground, arcade, amusement park, daycare center, swimming pool, community recreation field, zoo, youth center, video arcade, carnival, circus, or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without first obtaining written permission of the defendant's probation officer.

15. The defendant shall not possess or have under his control any pornographic, sexually oriented, or sexually stimulating material, including visual, auditory, telephonic, or electronic form of such prohibited contact. The defendant shall also not enter or contact in any way an establishment where such material or entertainment is present.

16.  The defendant shall pay restitution that has not been paid in full in monthly installments of at least $200 plus 25% of gross income in excess of $2,500 per month.

Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
_____
DEFENDANT: JEROME MCROY                                                                  Judgment — Page 5 of 6
CASE NUMBER: 1:16-CR-437-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature  _____    Date  _____

USPO's Signature  _____    Date  _____

Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: JEROME MCROY                                               Judgment — Page 6 of 6
CASE NUMBER: 1:16-CR-437-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties below:

**Restitution**
**TOTAL:**      $13,500

The defendant must make restitution (including community restitution) to the following payee in the amount listed below.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| R.O. (Victim) | $13,500 | Joint and several with co-defendant Camishia Robinson (Docket # 1:16-cr-0437-CAP) |
| **TOTAL:** | $13,500 | |

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200 plus 25% of gross income in excess of $2,500 per month.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.