**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| v. | ) | Case Number:    1:16-cr-0437-CAP-1 |
| | ) | USM Number:    20981041 |
| Camishia Robinson | ) | |
| | ) | <u>Allison Dawson</u> |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

Pleaded guilty to count 3 of the superseding indictment.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2423(a) and 2 | Transportation of a Minor with Intent to Commit a Criminal Sex Act | February 2016 | 3s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>December 12, 2018</u>
Date of Imposition of Judgment

<u>/s/CHARLES A. PANNELL, JR.</u>
Signature of Judge

**CHARLES A. PANNELL,**
**SENIOR U. S. DISTRICT JUDGE**
Name and Title of Judge

<u>December 13, 2018</u>
Date

Judgment in a Criminal Case
Sheet 2 — Imprisonment
_____
DEFENDANT: Camishia Robinson                                     Judgment — Page 2 of 7
**CASE NUMBER: 1:16-cr-0437-CAP-1**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **144 MONTHS to run concurrent with any other sentence that may be imposed for the conduct in this case, specifically including any sentence that may be imposed in Case No. 16-SC-144725 in Fulton County Superior Court, Atlanta, GA.**

The court makes the following recommendations to the Bureau of Prisons:

•     that the defendant participate in the Bureau of Prison's Residential Drug Abuse Program (RDAP).
•     that the defendant be incarcerated at the federal prison camp located as close to Minnesota as possible.

The defendant is remanded to the custody of the United States Marshal.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
      Deputy U. S. Marshal

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Camishia Robinson                                                    Judgment — Page 3 of 7
CASE NUMBER: 1:16-cr-0437-CAP-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **20 YEARS**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Camishia Robinson                                                    Judgment — Page 4 of 7
CASE NUMBER: 1:16-cr-0437-CAP-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____     Date _____

USPO's Signature _____     Date _____

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Camishia Robinson
CASE NUMBER: 1:16-cr-0437-CAP-1

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following additional standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1.      You must refrain from the excessive use of alcohol.

2.      You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Camishia Robinson                                              Judgment — Page 6 of 7
CASE NUMBER: 1:16-cr-0437-CAP-1

# SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision:

You shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

You shall comply with the requirements of the Sex Offender Registration and Notification Act (SORNA) (42 U.S.C. § 16901, et. seq.) as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

You shall participate in a substance abuse evaluation and/or treatment if deemed necessary under the guidance and supervision of the U.S. Probation Officer.  If able, you shall be required to contribute to the cost of services for such treatment.

You shall submit to a psychosexual evaluation which may include polygraph examinations, plethysmograph testing, or other psychological testing if requested by the United States Probation Officer.  You shall participate in a sex offender treatment program and abide by the policies and procedures of the program, as determined by the United States Probation Officer, and if able, contribute to the cost of the services for such treatment.

You shall not have any contact, direct or indirect, with the victim(s), or the victim's family, unless specific written authorization for such contact is received in advance from the United States Probation Office.

To ensure you are in compliance with local and county ordinances and state and federal law, your residence and employment must be pre-approved by your probation officer.

You shall not have any contact with any person under the age of 18 without the prior written permission of the United States Probation Officer, provided, however, that this restriction is not violated by incidental contact with persons under the age of 18 at places open to the general public provided such locations are not those which generally provide services and goods to persons under the age of 18.  Any approved contact shall be supervised by an adult at all times.  The contact prohibited in this condition includes, but is not limited to, direct or indirect contact, whether in person, by computer, telephone, letter , or through a third party.  If you have any contact with a person under the age of 18, you shall immediately remove yourself from the place where the contact was made and notify your probation officer immediately of the contact which occurred.  You shall not loiter within 100 feet of any park, school property, playground, arcade, amusement park, daycare center, swimming pool, community recreation field, zoo, youth center, video arcade, carnival, circus, or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without first obtaining written permission of your probation officer.

You shall not posses, or have under your control, any pornographic, sexually oriented, or sexually stimulating material, including visual, auditory, telephonic, or electronic form of such prohibited contact.  You shall also not enter or contact in any way an establishment where such material or entertainment is present.

You shall pay restitution that has not been paid in full in monthly installments of at least $200 plus 25% of gross income in excess of $2,500 per month.

Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Camishia Robinson                                                     Judgment — Page 7 of 7
CASE NUMBER: 1:16-cr-0437-CAP-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties below:

**Special Assessment**
**TOTAL:**        $100

**Fine**
The court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The court will waive the fine and cost of incarceration in this case.

**Restitution**
**TOTAL:**        $13,500

The defendant must make restitution (including community restitution) to the following payee in the amount listed below.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|
| R.O. (Victim) | $13,500 | Joint and several with co-defendant Jerome McRoy (Docket # 1:16-cr-0437-CAP) |
| **TOTAL:** | $13,500 | |

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200 plus 25% of gross income in excess of $2,500 per month.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.